**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT COVINGTON**

**CRIMINAL ACTION NO. 16-42-DLB-CJS-2**
**CIVIL ACTION NO. 18-104-DLB-CJS**

**UNITED STATES OF AMERICA**                                                              **PLAINTIFF**

v.                          **REPORT AND RECOMMENDATION**

**TERRANCE MICHAEL LACINAK**                                                       **DEFENDANT**

\* \* \* \* \* \* \* \* \* \*

Terrance Michael Lacinak, *pro se*, moves to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. (R. 95). The Government has responded (R. 107), and Lacinak has replied (R. 113). Pursuant to local practice, this matter has been referred to the undersigned for consideration and preparation of a Report and Recommendation under 28 U.S.C. § 636(b). For the reasons given below, it will be recommended that Defendant's § 2255 motion be denied.

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

Lacinak pled guilty under a plea agreement to conspiracy to distribute and possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. (R. 89; *see* R. 1; R. 64; R. 104, Page ID 353, 357). He was sentenced to 135 months in prison, based on a Sentencing Guidelines range of 135 to 168 months. (R. 105, Page ID 366). Lacinak did not file a direct appeal.

Lacinak subsequently filed this § 2255 motion arguing that his trial counsel was ineffective because: (1) counsel "did not show any signs of effort in my case would not visit me in jail was not present for my [presentence investigation report interview and] showed up past an hour late on my court date for final sentencing"; (2) "I feel I was misrepresented," and (3) "[t]he probation

officer asked for a downward variance due to mental health I asked my lawyer to mention that [and] he wouldn[']t."  (R. 95, Page ID 241-44) (capitalization omitted).  The Government argues that Lacinak's claims are meritless.  (R. 107).

## II.     ANALYSIS

Under § 2255(a), a defendant may seek relief on grounds that his conviction or sentence violated the Constitution or laws of the United States, that the court lacked jurisdiction to impose the sentence, that the sentence exceeded the maximum authorized by law, or that the sentence is otherwise subject to collateral attack.  To succeed on a § 2255 motion alleging constitutional error, a defendant "must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)).  To obtain relief for a non-constitutional error, a defendant "must establish a 'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process."  *Id.* (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir.1990)).  In sum, a defendant must allege in his § 2255 motion that: (1) his conviction was the result of an error of constitutional magnitude; (2) his sentence was imposed outside of statutory limits; or (3) there was an error of law or fact so fundamental as to render the proceedings invalid.  *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006) (citing *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003)).  A defendant must prove his allegations by a preponderance of the evidence.  *Pough*, 442 F.3d at 964; *Packett v. United States*, 738 F. App'x 348, 352 (6th Cir. 2018).

### A.     Lacinak's ineffective-assistance claims are waived and meritless

Lacinak's claims argue that his trial counsel was ineffective.  To successfully assert an ineffective-assistance-of-counsel claim, a defendant must prove both deficient performance and

prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To prove deficient performance, a defendant must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the [petitioner] by the Sixth Amendment." *Id*. A defendant meets this burden by showing "that counsel's representation fell below an objective standard of reasonableness" as measured under "prevailing professional norms" and evaluated "considering all the circumstances." *Id*. at 688. Judicial scrutiny of counsel's performance, however, is "highly deferential," consisting of a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. at 689. Notably, "[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.*

In order to prove prejudice, a defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. Thus, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id*. at 691. When evaluating prejudice, courts generally must take into consideration the "totality of the evidence before the judge or jury." *Id*. at 695. Courts may approach the *Strickland* analysis in any order, and an insufficient showing on either prong ends the inquiry. *Id*. at 697. ("[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed.").

Lacinak's summary development of his first and second claims—arguing that his counsel was late, "did not show any signs of effort," and did not visit him in jail—illustrates the importance of "specify[ing] all grounds for relief" and "stat[ing] the facts supporting each ground" in a § 2255 motion. Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 2(b); (R. 95, Page ID 241-42). "[I]t is not for the court to search the record and construct arguments. Parties must do that for themselves." *Brenay v. Schartow*, 709 F. App'x 331, 337 (6th Cir. 2017). Even though Lacinak is *pro se*, the Court "should not have to guess at the nature of the claim asserted." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Further, the Court cannot develop his claims for him. *Brenay*, 709 F. App'x at 337 ("[W]hile it may be tempting to flesh out the parties' arguments for them, it is improper for the courts to do so."). Because Lacinak has not argued, for example, *how* counsel was deficient for being late and not visiting him in jail, or explained *how* such actions prejudiced him, he has waived review of these claims. *See Thomas v. United States*, 849 F.3d 669, 679 (6th Cir.), *reh'g denied* (Apr. 27, 2017), *cert. denied*, 138 S. Ct. 261 (2017) ("A party waives issues that he adverts to in a perfunctory manner, unaccompanied by some effort at developed argumentation."); *Wogenstahl v. Mitchell*, 668 F.3d 307, 343 (6th Cir. 2012) ("Merely conclusory allegations of ineffective assistance . . . are insufficient to state a constitutional claim.").

Nevertheless, Lacinak's claims are belied by his statements at his plea hearing. When asked by presiding District Judge Bunning whether trial counsel had "done everything you've asked him to do," Lacinak replied, "Yes, sir." (R. 104, Page ID 330). Additionally, Lacinak answered affirmatively when District Judge Bunning asked, "Are you fully satisfied with the advice, counsel . . . has provided to you in this case?" (*Id.*). Accordingly, Lacinak's current assertions of dissatisfaction with his counsel are refuted by his own prior statements. *See*

4

*Blackledge v. Allison*, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.").

In his third claim, Lacinak argues that his counsel was ineffective for not requesting a downward variance "due to [Lacinak's] mental health." (R. 95, Page ID 244). By failing to adequately argue *how* counsel was deficient and the prejudice suffered, Lacinak has waived review of this claim. *See Thomas*, 849 F.3d at 679; *Wogenstahl*, 668 F.3d at 343.

Regardless, even assuming, arguendo, that trial counsel performed deficiently by not requesting a downward variance, Lacinak's claim would fail on the merits because of the lack of resulting prejudice. *See McPhearson v. United States*, 675 F.3d 553, 559 (6th Cir. 2012) ("Counsel's . . . failure to raise a viable argument that would reduce his client's sentence may constitute deficient performance.").

Essentially, Lacinak appears to argue that trial counsel should have requested a downward variance based on the sentencing factors contained in 18 U.S.C. § 3553(a), which include "the history and characteristics of the defendant," because he has mental health issues. *See United States v. Grams*, 566 F.3d 683, 686–87 (6th Cir. 2009) ("A 'variance' refers to the selection of a sentence outside of the advisory Guidelines range based upon the district court's weighing of one or more of the sentencing factors of § 3553(a)."). At sentencing, trial counsel mentioned Lacinak's "disability," stemming from a brain injury he suffered in a vehicle accident, in requesting a "low end" sentence, although this was not a request for a downward variance. (R. 105, Page ID 367). District Judge Bunning noted that Lacinak's brain injury may explain "why [he] may have fallen

5

into this spiral." (*Id.* at 372). However, the Court concluded that a below-guidelines sentence was ultimately unwarranted based on other factors in the case:

> If you didn't have the history of the noncompliance with release conditions, the letter from your mom, the letter from you, I would be much more inclined to follow the request and perhaps give you something that was less than what was recommended in the Sentencing Commission guidelines.

*Id.* at 373-74. Accordingly, because District Judge Bunning did not find a below-guidelines sentence appropriate, even after giving due consideration to Lacinak's brain injury, Lacinak cannot claim that he was prejudiced by trial counsel's failure to request a downward variance based on his mental health issues. *United States v. McCaster*, No. 1:09CR80, 2013 WL 3149484, at *5 (N.D. Ohio June 18, 2013) (rejecting defendant's claim that counsel was ineffective for failing to request a downward variance or departure where record indicated that sentencing judge would not have imposed a below-guidelines sentence).

### B. Lacinak cannot raise new claims in his reply brief

In Lacinak's reply brief, he presents the following new ineffective-assistance claims: "Was counsel ineffective by failing to challenge the defendant[']s enhanced sentence?"; "Was counsel ineffective for failing to challenge defendant[']s 3 point enhancement for receiving stolen goods?"; "Was counsel ineffective for failing to challenge defendant[']s 1 point enhancement?"; and, "Was counsel ineffective by his failure to challenge the lack of presentence jail credits?" (R. 113, Page ID 402-403) (capitalization omitted). However, these claims are not properly before the Court because a petitioner cannot raise new claims in a reply brief. *See Sanborn v. Parker*, 629 F.3d 554, 579 (6th Cir. 2010); *United States v. Hussain*, No. 14-20568, 2017 WL 4310144, at *2 (E.D. Mich. Sept. 28, 2017).

6

**III.    CERTIFICATE OF APPEALABILITY**

Under Rule 11 of the Federal Rules Governing Section 2255 Proceedings, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate may issue only if a defendant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court explained this requirement in *Slack v. McDaniel*, 529 U.S. 473 (2000) (addressing issuance of a certificate of appealability in the context of a habeas petition filed under 28 U.S.C. § 2254, which legal reasoning applies with equal force to motions to vacate brought under 28 U.S.C. § 2255). Where a district court rejects a petitioner's constitutional claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* at 484. When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a certificate of appealability should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

In this case, reasonable jurists would not debate the denial of Lacinak's § 2255 motion or conclude that "the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Accordingly, it also will be recommended that a certificate of appealability be denied upon the Court's entry of its final order in this matter.

**IV.    CONCLUSION AND RECOMMENDATIONS**

For the reasons stated above, **IT IS RECOMMENDED** that:

(1) Lacinak's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (R. 95) **be denied;**

(2) a Certificate of Appealability **be denied** by the District Judge in conjunction with the Court's entry of its final order in this matter;

(3) Judgment in favor of the United States **be entered** contemporaneously with the Court's entry of its final order; and

(4) this action **be stricken** from the active docket.

The parties are directed to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Report and Recommendation, issued under subsection (B) of the statute. *See also* Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 8(b). Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file specific written objections to any or all findings or recommendations for determination, *de novo*, by the District Judge. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Judge and Sixth Circuit Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

Dated this 28th day of August, 2019.



Signed By:
*Candace J. Smith*
United States Magistrate Judge

J:\DATA\habeas petitions\2255 ineffective assistance counsel\16-42-DLB Lacinak R&R final.docx